UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE NANCY SUE DAVIS TRUST, | § § | |
| Appellant, | § § | |
| VS. | § | CIVIL ACTION NO. C-08-136 |
| | § § | |
| DAVIS PETROLEUM CORPORATION, *et al*, | § § | |
| Appellees. | § § | |

## ORDER

On this day came on to be considered, the Joint Motion of Appellees to Dismiss the Appeal as Moot. (D.E. 10.) For the reasons discussed below, Appellees' Motion is hereby GRANTED. Additionally, the Bankruptcy Court's judgment on the merits is hereby VACATED and this bankruptcy appeal is REMANDED to the Bankruptcy Court with directions to DISMISS.

**I.     Jurisdiction.**

The Court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals … from final judgments, orders, and decrees … of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

While Appellant does not dispute that the Court has jurisdiction to hear its appeal, Appellant does argue that the Court lacks jurisdiction to grant the equitable relief requested in Appellees' motion. (D.E. 20, ¶¶ 13-17.) Specifically, Appellant argues that, because the doctrine of equitable mootness was not an equitable remedy available in 1789 when the Judiciary Act, which granted the district courts their equity jurisdiction, was passed, Appellees' motion should be dismissed for lack of equitable jurisdiction. (Id.) In requesting that the Court dismiss

Appellees' motion on this basis, Appellant is essentially requesting that the Court ignore Fifth Circuit precedent granting the precise type of equitable relief sought by Appellees here.  See Manges v. Seattle-First Nat'l Bank (In re Manges), 29 F.3d 1034, 1038 (5th Cir. 1994) ("Many courts, including our own, … have employed the concept of 'mootness' to address equitable concerns unique to bankruptcy proceedings.") (citing In re UNR Indus., Inc., 20 F.3d 766, 769 (7th Cir.1994) (recognizing the virtually universal principle that "a plan of reorganization, once implemented, should be disturbed only for compelling reasons" and collecting cases); Rochman v. Northeast Util. Serv. Group (In re Public Serv. Co.), 963 F.2d 469, 471-72 (1st Cir. 1992) (noting that the mootness doctrine facilitates the "important public policy favoring orderly reorganizations and settlement of debtor estates by 'affording finality to the judgments of the bankruptcy court'") (quotation omitted); Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.), 652 F.2d 793, 798 (9th Cir.1981) (holding that reversal of the confirmation order "would knock the props out from under the authorization for every transaction that has taken place, [and] would do nothing other than create an unmanageable, uncontrollable situation for the Bankruptcy Court")).  The Court declines to dismiss this motion on this basis in light of the Fifth Circuit precedent deeming this type of equitable relief proper.  See id.

## II.     Factual and Procedural Background.[1]

On March 10, 2006, the Bankruptcy Court entered an Order Approving the Disclosure Statement and Confirming the Joint Plan of Reorganization of Davis Petroleum Corp., Davis Offshore, L.P., and Davis Petroleum Pipeline, L.L.C (the "Plan").  (B.P.D.E. 51.)[2]  On September 5, 2006, the Nancy Sue Davis Trust ("Appellant"), commenced an action in

---

[1]     The Court recounts here only the facts and circumstances of this bankruptcy action relevant to its resolution of the present appeal.

[2]     "B.P.D.E." refers to docket entries in the Bankruptcy Petition No. 06-20152.

Bankruptcy Court alleging that the Confirmation Order had been procured by fraud and seeking revocation of the Confirmation Order pursuant to 11 U.S.C. § 1144. (A.P.D.E. 1.)[3] On April 10, 2008, the Bankruptcy Court granted summary judgment in favor of Davis Petroleum Corporation, Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Acquisition Corporation, Davis Petroleum Holdings Corporation, Davis Offshore Partners, LLC, and Davis Petroleum Investment, LLC ("Appellees"),[4] finding that "this case does not involve any actual fraud, much less fraud in the procurement of the Confirmation Order." (A.P.D.E. 201 at 56.) On April 28, 2008, Appellant appealed the Bankruptcy Court's judgment to this Court. (D.E. 1.)

In addition to arguing the merits of the bankruptcy appeal, Appellees filed on May 30, 2008, a Joint Motion to Dismiss the Appeal as Moot. (D.E. 10.) Appellant filed its response in opposition to Appellees' motion on July 11, 2008. (D.E. 20.) On July 29, 2008, Appellees and the Trustee, Albert S. Conley, both filed reply briefs in support of their position that the appeal should be dismissed. (D.E. 23, 24.) On September 19, 2008, with the Court's permission, Appellant supplemented its opposition with new case law. (D.E. 31.) On September 24, 2008, Appellees responded. (D.E. 34.)

On January 12, 2008, the Court held a hearing on both the merits of the bankruptcy appeal and Appellees' motion to dismiss the appeal as moot. The Court informed the parties that, having reviewed the parties' briefs and heard oral argument, it would likely dismiss the appeal as moot. The Court, however, expressed concern that, if it dismissed the appeal on mootness grounds, the Bankruptcy Court's order granting summary judgment in favor of Appellees might have preclusive effect in a separate action pending before the Court involving

---

[3]  "A.P.D.E." refers to docket entries in the Adversary Proceeding No. 06-2062.

[4]  Albert S. Conley, Liquidating Trustee Under the Liquidating Trust Agreement of Davis Petroleum Corporation, Davis Offshore, L.P., and Davis Petroleum Pipeline, LLC, joined in the Motion for Summary Judgment.

similar parties.  See Nancy Sue Davis Trust v. Gregg Davis, *et al.*, 2:09-mc-009.  The Court invited further briefing on the issue, which Appellant, Appellees, and the Trustee each provided on January 30, 2009.  (D.E. 46-48.)

### III.    Discussion.

#### A.    The Appeal Is Dismissed as Equitably Moot.

"Generally, the mootness inquiry centers upon the concern that only live cases or controversies be decided by our courts."  In re Manges, 29 F.3d at 1038 (citing Powell v. McCormack, 395 U.S. 486, 496 n. 7 (1969) (recognizing that the Court's inability to consider the merits of a moot case "is a branch of the [U.S. CONST. art. III] constitutional command that the judicial power extends only to cases or controversies") (citing Sibron v. New York, 392 U.S. 40, 57 (1968))).  "A controversy becomes moot in the traditional sense when, as a result of intervening circumstances, there are no longer adverse parties with sufficient interests to maintain the litigation."  In re Manges, 29 F.3d at 1038 (citing Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1153 (5th Cir.1993)).  "Many courts, including our own, however, have employed the concept of 'mootness' to address equitable concerns unique to bankruptcy proceedings.  In this context, 'mootness' is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions."  In re Manges, 29 F.3d at 1038-1039 (citing In re AOV Indus., Inc., 792 F.2d 1140, 1147 (D.C. Cir. 1986) (recognizing that "even when the moving party is not entitled to dismissal on Article III grounds, common sense or equitable considerations may justify a decision not to decide a case on the merits") (citations omitted)).  "Consequently, a reviewing court may decline to consider the merits of a confirmation order when there has been substantial consummation of the plan such

that effective judicial relief is no longer available—even though there may still be a viable dispute between the parties on appeal." In re Manges, 29 F.3d at 1039 (citing Halliburton Serv. v. Crystal Oil Co. (In re Crystal Oil Co.), 854 F.2d 79, 82 (5th Cir.1988); Brite v. Sun Country Dev., Inc. (In re Sun Country Dev., Inc.), 764 F.2d 406, 406-07 n. 1 (5th Cir.1985)).

The Fifth Circuit has historically examined three factors in determining whether a bankruptcy appeal is equitably moot—"(i) whether a stay has been obtained, (ii) whether the plan has been 'substantially consummated,' and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." In re Manges, 29 F.3d at 1039 (citing Ronit, Inc. v. Stemson Corp. (In re Block Shim Dev. Co.), 939 F.2d 289, 291 (5th Cir.1991) (citing Crystal Oil, 854 F.2d at 81-82); Cleveland, Barrios, Kingsdorf & Casteix v. Thibaut, 166 B.R. 281, 286 (E.D.La.1994)).

Appellant does not dispute that it did not seek or obtain a stay, and that the plan has been substantially consummated.  (See D.E. 20 § III(B).)  Furthermore, Appellant does not dispute that, if the plan is revoked entirely, the rights of third parties will be affected.  (Id.)  Appellant's sole argument is that the Court may fashion an effective remedy, while preserving the rights of third parties, through modification of the plan.  (See id., ¶ 25 ("[A]n order could be crafted providing that while contractual counterparties of New Davis continue to be bound, and their contracts honored, the Equity Interest shall transfer back to the previous equity holders.")). Modification of the plan, however, is not a permissible remedy under § 1144.  See Varde Inv. Partners, L.P. v. Comair, Inc. (In re Delta Air Lines, Inc.), 386 B.R. 518, 536 (Bankr. S.D.N.Y. 2008) ("If these suggestions were taken seriously, the Court would not be revoking the Plan (as required by the statute) but completely rewriting the Plan (without statutory authority) in a fashion not voted on, proposed by or even reviewed by the Comair creditors.  **Section 1144 does**

**not contemplate such a modification**.") (emphasis added) (citing Almeroth v. Innovative Clinical Solutions, Ltd. (In re Innovative Clinical Solutions, Ltd.), 302 B.R. 136, 144 (Bankr. D. Del. 2003) ("[Modification of a plan] is obviously not a form of relief contemplated by § 1144.")). Accordingly, because (1) no stay was obtained, (2) the plan has been substantially consummated, and (3) revocation of the plan will affect the rights of third parties not before this Court, the Court deems this appeal equitably moot.

### B.        The Bankruptcy Court's Judgment on the Merits is Vacated.

"There is a general duty to vacate a lower court judgment when an appellate court dismisses a case as moot." Plotner v. AT&T Corp., *et al.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)). In Munsingwear, the Supreme Court stated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss …. The procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

340 U.S. at 39-40. "The duty to vacate, however, is not to be fulfilled *sua sponte* by the court, but rather a motion by one of the parties is required." Plotner, 224 F.3d at 1169.

The Court construes Appellant's Post-Hearing Brief (D.E. 47) as the requisite motion to vacate the Bankruptcy Court's judgment on the merits. Accordingly, Appellant's motion to vacate is hereby GRANTED, the Bankruptcy Court's judgment on the merits is hereby VACATED, and this bankruptcy appeal is REMANDED to the Bankruptcy Court with directions to DISMISS.

## IV.     Conclusion.

Based on the foregoing, the Joint Motion of Appellees to Dismiss the Appeal as Moot is hereby GRANTED, the Bankruptcy Court's judgment on the merits is hereby VACATED, and this bankruptcy appeal is REMANDED to the Bankruptcy Court with directions to DISMISS.

SIGNED and ORDERED this 2nd day of March, 2009.

_____
Janis Graham Jack
United States District Judge